**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JABBAR LATINO STROUD, | No. 07-56633 |
| Petitioner - Appellant, | D.C. No. CV-06-00471-H(AJB) |
| v. | |
| DERRAL G. ADAMS, Warden; KAMALA HARRIS,** Attorney General, | MEMORANDUM* |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted February 17, 2011
Pasadena, California

Before: GOODWIN, KLEINFELD, and GRABER, Circuit Judges.

Jabbar Latino Stroud appeals denial by the district court of a writ of habeas

corpus. We granted a Certificate of Appealability that asks whether appellant's

Sixth Amendment rights were violated by the trial court's admission of a letter sent

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\** Kamala Harris has replaced Bill Lockyer as Attorney General.

by appellant during his incarceration. Given deference owed the district court decision under the Antiterrorism and Effective Death Penalty Act of 1996, we hold that Stroud's rights were not violated. *See* 28 U.S.C. § 2254(d).

The clearly established federal law, as determined by the Supreme Court of the United States, that governs here includes *Thornburgh v. Abbott*, 490 U.S. 401 (1989); *Procunier v. Martinez*, 416 U.S. 396 (1974); and *Wolff v. McDonnell*, 418 U.S. 539 (1974). The California Court of Appeal did not unreasonably apply this law. *See People v. Stroud*, No. D040833, 2003 WL 22853769 (Cal. Ct. App. Dec. 3, 2003) (unpublished).

The California regulation addressing confidential, outgoing inmate correspondence is, on its face, permissible. *See* Cal. Code Regs. tit. 15 § 3142. As applied, the state court was not unreasonable in finding that Stroud, who admitted to being given a copy of the Title 15 regulations, failed to follow the required procedure and in holding that the prison's actions did not violate Stroud's constitutional rights. For these reasons, we affirm the district court's denial of Stroud's writ of habeas corpus.

**AFFIRMED.**